**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STYLE CHICKS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>WITZ INDUSTRIES LLC dba WITZ GROUP, CROSSTECH ENTERPRISES LLC, FRONTIER DISTRIBUTION LLC dba FRONTIER CO-OP and AMAZON.COM, INC.,<br><br>                Defendants. | **CASE NO.:  1:26-cv-01047** |

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff STYLE CHICKS, LLC by and through its undersigned counsel, brings this First Amended Complaint against Defendants WITZ INDUSTRIES LLC dba WITZ GROUP, CROSSTECH ENTERPRISES LLC, FRONTIER DISTRIBUTION LLC dba FRONTIER CO-OP and AMAZON.COM, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff STYLE CHICKS, LLC ("Style Chicks") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Style Chicks' original copyrighted Work of authorship after removal of its copyright management information ("CMI").

2.      Style Chicks is a lifestyle blog that covers the best in hair, makeup, and skincare, as well as jewelry, shoes, purses, and clothes. Style Chicks is a unique company in that their

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

team personally tests and evaluates each product they review before it is featured. In addition, they take all their own photographs for their reviews.

3.      Defendant WITZ INDUSTRIES LLC dba WITZ GROUP ("Witz") is a privately held e-commerce partner based in Chester, New York, providing brand management and commercial distribution services to consumer health and beauty brands. Witz offers services that include inventory and fulfillment, seller governance and MAP enforcement, delisting of unauthorized sellers, reputation management, product listing optimization, storefront design, and development and production of product listing content (including visual assets), subject to brand approval and uploaded by Witz on behalf of its brand clients, as well as marketing and advertising services on platforms including Amazon and Walmart.com. Witz services over 200 consumer brands and operates at scale as one of the top Amazon sellers across multiple categories.

4.      Defendant CROSSTECH ENTERPRISES LLC ("Crosstech") is upon information and belief the legal entity behind the Amazon seller account for Witz.  Crosstech is a New York based Amazon seller and e-commerce operator, and also operates as "OxKom" on Amazon.

5.      Crosstech, under the OxKom name, sold Mad Hippie products on Amazon.

6.      Defendant FRONTIER DISTRIBUTION LLC dba FRONTIER CO-OP ("Frontier") is the wholesale distribution and logistics entity that operates the commercial supply chain for Frontier Co-op and its affiliated brands, including Frontier Co-op®, Simply Organic®, and Aura Cacia®. Based in Lincoln, Nebraska, the company is responsible for sourcing, importing, warehousing, invoicing, and distributing natural and organic food, wellness, and household products to retailers and wholesale customers across the United States. In wholesale and regulatory contexts—including Amazon Seller Central—Frontier Distribution LLC is the

entity that issues official invoices and is recognized as the supplier, often listed as "Frontier Distribution LLC, DBA Frontier Co-op.".

7.    Defendant AMAZON.COM, INC. ("Amazon") is an American multinational technology company focusing on e-commerce, cloud computing, online advertising, digital streaming and artificial intelligence.

8.    During the relevant period, Crosstech, operating under the trade name "OxKom," acted as a commercial seller of Mad Hippie products on Amazon and was identified as the seller of record on certain Amazon product listings displaying the infringing images, including listings stating, "Sold by OxKom – Shipped by Amazon." OxKom was also displayed in connection with and within the official Mad Hippie Amazon storefront interface in connection with at least one of the infringing image displays.

9.    At various times, Crosstech operated the same Amazon seller account and Seller ID (A3IQGL03Z0MNP5) under different trade names, including "OxKom" and "Witz," as reflected in Amazon seller profile pages and seller URLs resolving to the same Seller ID.

10.    Defendants Witz, Crosstech, Frontier and Amazon are collectively referred to herein as "Defendants".

11.    Witz and Crosstech  publicly represented that they participated in the rebranding, marketing, product listing optimization, storefront design, retail presentation, and sale of Mad Hippie products on Amazon and other retail channels.

12.    Style Chicks alleges that Defendants participated in different operational roles relating to the commercial display, distribution, merchandising, retail presentation, or dissemination of the Infringing Work as described herein

## JURISDICTION AND VENUE

13.    This is an action arising under the Copyright Act, 17 U.S.C. § 501.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants Witz and Crosstech are resident companies of New York and subject to personal jurisdiction in New York.

16. Defendants Frontier and Amazon are subject to jurisdiction pursuant to New York's long arm statute, NY CPLR § 302(a), because Frontier and Amazon each market and sell goods directly to customers in New York and in this judicial district, including through first-party retail listings on Amazon and Whole Foods Market retail listings, including the goods marketed by Defendants' unauthorized use of the Work at issue in this case. Defendants Witz and Crosstech (d/b/a OxKom and/or Witz) similarly marketed and sold Mad Hippie products to customers in New York through listings displaying the Work at issue.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants Witz and Crosstech reside in this district, and Defendants are subject to personal jurisdiction in this district.

## **DEFENDANTS**

18. Witz Industries LLC dba Witz Group is a New York Limited Liability Company, with its principal place of business at 45 Leone Lane, Chester, New York, 10918, and can be served at the same address.

19. Crosstech Enterprises LLC is a New York Limited Liability Company, with its principal place of business at 580 Route 208, Monroe, New York, 10950-1738, and can be served at the same address.

20. Frontier Distribution LLC dba Frontier Co-Op is a Delaware Limited Liability Company, with its principal place of business at 3021 78 Street, Norway, Iowa, 52318, and can

21.     be served by serving its Registered Agent, Gary Streit, 235 6th Street SE, Cedar Rapids, Iowa, 52401.

22.     Amazon.com, Inc. is a Delaware Corporation, with its principal place of business at 410 Terry Avenue North, Seattle, WA, 98109, and can be served by serving its Registered Agent, Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington, 98501.

## THE COPYRIGHTED WORK AT ISSUE

23.     In 2020, Style Chicks created the photograph "MadHippieExfoliatingSerum1," which is shown below and referred to herein as the "Work."



24.     Style Chicks registered the Work with the Register of Copyrights on March 20, 2020 as part of a group registration.  The Group Registration was assigned registration number VA 2-200-896.  The Certificate of Registration is attached hereto as **Exhibit 1.**

25.     At all relevant times Style Chicks was the owner of the copyrighted Work.

26.    At the time Style Chicks created the Work, Style Chicks applied CMI to the Work consisting of metadata embedded in the Work listing Style Chicks as the copyright owner.  The Work was also displayed on Plaintiff's website adjacent to visible copyright notices identifying Style Chicks as the owner of the Work. Attached as **Exhibit 2** are true and correct screenshots showing the metadata for the Work.

### INFRINGEMENT BY DEFENDANTS

27.    Defendants have never been licensed to use the Work for any purpose.

28.    On a date after the Work at issue in this action were created, but prior to the filing of this action, Defendants copied the Work.

29.    On or about February 9, 2023, and continuing through October 22, 2023, as additional uses were identified, Style Chicks discovered the unauthorized use of its Work on first-party retail listings operated by Amazon and Whole Foods Market, as well as on numerous other commercial websites and retail platforms, as shown in **Exhibit 3** attached hereto.

30.    Defendants' unauthorized reproduction, distribution, and display of Plaintiff's Work occurred across multiple commercial retail channels and affiliated platforms, including but not limited to those specifically identified herein.

31.    Defendants copied Style Chicks' copyrighted Work without Style Chicks' permission.

32.    In September 2021, Mad Hippie rebranded its "Exfoliating Serum" product as "AHA Exfoliating Peel." Following the rebrand, several preexisting product images were modified to reflect updated branding, packaging, and product nomenclature.

33.    By January 2022, an unauthorized altered derivative version of Plaintiff's Work reflecting these same branding modifications appeared in commerce (the "Infringing Work").

34.    The Infringing Work appeared within materially consistent curated product-image sets consisting of five core rebranded product images and an alternate sixth companion image.

35.    Materially consistent versions of these curated product-image sets were displayed across domestic and international retail, wholesale, and online marketplace platforms, including Amazon.ca first-party retail listings, Well.ca, and Carrefour Brazil.

36.    Defendants' commercial listings similarly displayed materially consistent versions of these curated product image sets, including the Infringing Work.

37.    Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 3**.

38.    Style Chicks never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

39.    Versions of the Infringing Work were distributed and displayed without Plaintiff's original CMI

40.    Style Chicks never gave Defendants permission or authority to remove CMI from the Work.

41.    At all relevant times, the Infringing Works were displayed on first-party retail product listings identifying Amazon.com and Whole Foods Market as the sellers of record, including listings stating, "Ships from and sold by Amazon.com" and "Ships from and sold by Whole Foods Market." These listings were used by Amazon and Whole Foods to market, advertise, and sell their own inventory directly to consumers.

42.    The below screenshot is an exemplary image form Exhibit 3, showing an active direct sale listing using the Infringing Work, "ships from and sold by" Whole Foods Market, dated July 27, 2023.



43.    Defendant Amazon operated these integrated first-party retail channels under its direct commercial control. As a first-party merchant and seller of record, Defendant Amazon marketed, advertised, fulfilled, and sold product inventory directly to consumers through listings identifying Amazon.com or Whole Foods Market as the seller.

44.    As the direct retailer and operator of these product detail pages, Defendant Amazon exercised substantial editorial and operational control over listing configurations, retail presentation, product imagery, pricing, fulfillment, and related commercial data displayed on Amazon.com and Whole Foods Market listings.

45.    The Infringing Work as displayed on Amazon's first-party retail listings mirrored materially consistent product-image sets displayed across separate retail and wholesale platforms, including Frontier Wholesale. Defendant Amazon maintained and displayed these same product-image sets within its first-party retail listings.

46.    Upon information and belief based on Defendant Witz's public website and related public materials, Defendants Witz and Crosstech provided ecommerce listing optimization, digital merchandising, storefront management, and related marketing services for Mad Hippie products.

47.     Defendant Crosstech d/b/a OxKom was identified as a third-party seller of record on the subject Amazon listing (ASIN B008MYUCLS). For an extended period, Defendant Crosstech marketed, advertised, and sold Mad Hippie product inventory directly to consumers through this listing while displaying the Infringing Work within the listing's product imagery and media content.

48.     A comparison between Internet Archive captures dated November 24, 2021, and later screenshots compiled in Exhibit 3 reflects multiple modifications to the subject Amazon listing during the same general period in which Witz publicly represented that it was redesigning and optimizing Mad Hippie's Amazon storefront and product listings.

49.     These modifications included replacement of legacy product imagery with updated grouped product-image compilations including the Infringing Work, revised listing presentation content, and additional ecommerce media modules. The modified listing also displayed rebranded instructional video content visibly attributed to the OxKom account.

50.     Upon information and belief, the Infringing Work entered the subject ecommerce listing systems through one or more listing-management, asset-distribution, catalog-integration, or related ecommerce merchandising processes associated with Defendants Witz and Crosstech's retail operations.

51.     The Work was not merely copied, but was altered into one or more derivative versions for use within rebranded ecommerce product-image sets and related retail product listings. The altered versions retained the protectable expressive elements of Plaintiff's original image while incorporating revised branding overlays, including revised product nomenclature and product labeling associated with the Mad Hippie rebrand.

52.     The Infringing Work was used without authorization on direct sales listings on Frontier's websites located at the URLs: https://www.coopmarket.com/;  and

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

https://wholesale.frontiercoop.com/. The below screenshots are exemplary images form Exhibit

3, showing active direct sales listing using the Work on Fronter's websites, dated September 27,

2023 and October 22, 2023 respectively.





53.     For an extended period, Defendant Frontier Co-op's business-to-business ("B2B") wholesale and retail consumer platforms displayed and offered product inventory using materially consistent curated product-image sets. These sets shared five of the six rebranded product images displayed on Defendant Amazon's first-party retail listings, including the Infringing Work.

54.     As reflected in Exhibit 3, the curated product-image sets containing the Infringing Work and displayed on Frontier listings utilized a uniform filename schema across the curated six-image set, including indexed image sequencing, a common product title containing the same typographical misspelling, shot-view descriptors, and a shared product SKU.

55.     Upon information and belief, Defendant Frontier Co-op distributed this product-image set, including the Infringing Work, through its wholesale reseller channels, after which materially consistent versions of the same product-image compilations appeared on independent third-party retail listings associated with resale of the product.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

56.     Style Chicks incorporates the allegations of paragraphs 1 through 55 of this First Amended Complaint as if fully set forth herein.

57.     Style Chicks owns a valid copyright in the Work.

58.     Style Chicks registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

59.     Defendants publicly displayed the Infringing Work in commerce without Style Chicks' authorization in violation of 17 U.S.C. § 501.

60.     Defendant Amazon publicly displayed the Infringing Work through Amazon.com and Whole Foods Market first-party retail listings.

61.     Defendant Frontier Co-op publicly displayed the Infringing Work through its wholesale and consumer ecommerce platforms.

62.     Defendant Crosstech d/b/a OxKom publicly displayed the Infringing Work through its third-party Amazon marketplace seller operations.

63.     Defendants integrated and publicly displayed the Infringing Work within their respective commercial ecommerce listings and retail presentation systems without authorization.

64.     Defendants performed the acts alleged in the course and scope of their business activities.

65.     Defendants' acts were willful.

66.     Style Chicks has been damaged.

67.     The harm caused to Style Chicks has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

68.     Style Chicks incorporates the allegations of paragraphs 1 through 55 of this First Amended Complaint as if fully set forth herein.

69.     Defendant Witz maintained the right and operational ability to supervise, configure, optimize, contribute to, and control ecommerce listing content, product imagery, and related media content associated with Defendant Crosstech's retail seller operations.

70.     Defendant Amazon maintained the right and operational ability to supervise and control the product imagery, media content, and retail presentation displayed through Amazon.com, Whole Foods Market, and related commercial retail systems.

71.     Defendant Frontier Co-op maintained the right and operational ability to supervise and control the product imagery and media content displayed through its retail, wholesale, and downstream product catalog distribution systems.

72.     Upon information and belief, Defendants possessed a direct financial interest in the infringing displays and distributions, which increased consumer traffic, product visibility, and commercial sales revenue associated with the infringing listings.

73.     The Defendants' websites displayed the Work for the purpose of advertising and marketing, and to promote direct sales of its products to customers.

74.     Despite possessing the ability to supervise, remove, block, prevent, or influence the unauthorized displays and distributions within their respective commercial retail and distribution systems, Defendants permitted the Infringing Work to remain publicly displayed and commercially distributed.

75.     To the extent that the actions described above were performed by third parties, Defendants are vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Infringing Work without Style Chicks' authorization in violation of 17 U.S.C. § 501.

76.     Style Chicks has been damaged.

77.     The harm caused to Style Chicks has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION 17 U.S.C. § 1202(b)(3)

78.     Style Chicks incorporates the allegations of paragraphs 1 through 55 of this First Amended Complaint as if fully set forth herein.

79.     The Work at issue in this case contained visible and embedded CMI identifying Plaintiff as the author and owner of the Work.

80.     Defendants distributed, displayed, marketed, and used unauthorized altered derivative versions of Plaintiff's Work after Plaintiff's original CMI had been removed or altered without authority.

81.     The Infringing Work displayed visual characteristics inconsistent with the surrounding catalog-style product imagery appearing within the same grouped product-image compilations displayed on Defendants' listings. As shown in **Exhibit 4**, attached hereto, the Infringing Work consisted of editorial-style product photography featuring a torn product box top, abrasions to the product bottle cap, ambient environmental reflections, and a vibrant colored background. These characteristics contrasted with the surrounding white-background, shadowless catalog-style imagery used for the other product images appearing within the same compilation.

82.     As reflected in Exhibit 4, the Infringing Work further contained visible text-overlay modifications where revised product branding was superimposed onto the preexisting image.

83.     These visual alterations caused the Infringing Work to visibly present as altered third-party photography incorporated into branded retail product-image compilations and provided reasonable grounds to know that the image had been altered and redistributed outside its original attribution context without Plaintiff's original CMI.

84.     Despite such knowledge or reasonable grounds to know, Defendants distributed and publicly displayed the Infringing Work through commercial ecommerce listings, first-party retail channels, wholesale platforms, downstream distribution systems, and related content-delivery systems.

85.     Defendants knew, or had reasonable grounds to know, that distributing and displaying the Infringing Work without Plaintiff's CMI would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights in violation of 17 U.S.C. § 1202(b)(3).

86.     Style Chicks has been damaged.

87.     The harm caused to Style Chicks has been irreparable.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

## <u>COUNT IV</u>
## <u>REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION 17 U.S.C. § 1202(b)(1)</u>
### (In the Alternative, Against Defendants Witz and Crosstech)

88.     Style Chicks incorporates the allegations of paragraphs 1 through 55 of this First Amended Complaint as if fully set forth herein.

89.     The Work at issue in this case contained visible and embedded CMI.

90.     During the product rebranding process, Plaintiff's original CMI was removed or altered from the Work in connection with the creation of the Infringing Work.

91.     Upon information and belief, and based on publicly described rebranding and ecommerce merchandising activities relating to Mad Hippie products, Defendants Witz and Crosstech participated in or facilitated the alteration and commercial deployment of the Infringing Work within rebranded ecommerce product listings.

92.     Upon information and belief, Defendants Witz and Crosstech removed or altered Plaintiff's CMI from the Work, or caused Plaintiff's CMI to be removed or altered through ecommerce listing, digital asset-management, or product-distribution processes associated with the rebranding and commercial deployment of the altered product imagery.

93.     Defendants committed these acts knowing, or having reasonable grounds to know, that removal or alteration of Plaintiff's CMI would induce, enable, facilitate, or conceal infringement of Style Chicks' rights in the Work protected under the Copyright Act.

94.     Style Chicks has been damaged and is entitled to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), or actual damages and any additional profits attributable to the violations under 17 U.S.C. § 1203(c)(2), at Plaintiff's election, together with attorneys' fees and costs.

95.     The harm caused to Style Chicks has been irreparable.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

## COUNT V
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

96.    Style Chicks incorporates the allegations of paragraphs 1 through 55 of this First Amended Complaint as if fully set forth herein.

97.    The Infringing Work contains false CMI.

98.    The Infringing Work contains altered branding overlays and product-identifying information added to Plaintiff's original image in connection with the Mad Hippie product rebrand.

99.    Upon information and belief, and based on Defendants Witz and Crosstech's publicly described rebranding and ecommerce merchandising activities relating to Mad Hippie products, Defendants Witz and Crosstech participated in or facilitated the commercial deployment of altered derivative versions of Plaintiff's Work containing revised branding and product-identifying information associated with the Mad Hippie product rebrand.

100.    Upon information and belief, the altered derivative versions incorporated revised product nomenclature and branding overlays into Plaintiff's original image in a manner that falsely suggested the image originated as rebranded Mad Hippie product imagery.

101.    Defendants knowingly and with the intent to enable or facilitate copyright infringement, added brand indicators that also serve as CMI, "AHA EXFOLIATING PEEL, Serum Glycoline, 16 Actives with Peptides, Glycolic & Lactic Acids" to the box in the Work, as well as "AHA EXFOLIATING PEEL, Serum Glycoline, with Peptides, Glycolic & Lactic Acids" to the bottle in the Work in violation of 17 U.S.C. § 1202(a), as shown below. These revised branding overlays and product-identifying modifications were associated with the Mad Hippie product rebrand and enabled the altered derivative versions of Plaintiff's Work to be commercially deployed as part of the rebranded ecommerce product imagery.

(Original Work – below)

 

(False CMI – above)

102.    Defendants committed these acts knowing or having reasonable grounds to know that the altered branding and product-identifying information would induce, enable, facilitate or conceal infringement of Style Chicks' rights in the Work protected under the Copyright Act.

103.    Style Chicks has been damaged.

104.    The harm caused to Style Chicks has been irreparable.

WHEREFORE, the Plaintiff STYLE CHICKS, LLC prays for judgment against the Defendants WITZ INDUSTRIES LLC dba WITZ GROUP, CROSSTECH ENTERPRISES LLC, FRONTIER DISTRIBUTION LLC dba FRONTIER CO-OP, and AMAZON.COM, INC. that:

A.    Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

B.    Defendants be required to pay Style Chicks its actual damages and Defendants' profits attributable to the infringement, or, at Style Chicks' election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

C.      Style Chicks be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

D.      Style Chicks be awarded pre- and post-judgment interest; and

E.      Style Chicks be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Style Chicks hereby demands a trial by jury of all issues so triable.

Dated: June 5, 2026                              Respectfully submitted,


/s/ Rebecca A. Kornhauser
REBECCA A. KORNHAUSER
Bar Number: 24146138
rebecca.kornhauser@sriplaw.com
JOSEPH A. DUNNE (JD0674)
Joseph.dunne@sriplaw.com
JORDAN I. ABISROR
Bar Number: 6139190
Jordan.abisror@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Style Chicks, LLC*


**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE