UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X
STYLE CHICKS, LLC,

Plaintiffs,

-against-

WITZ INDUSTRIES, LLC d/b/a WITZ GROUP, CROSSTECH ENTERPRISES, LLC, FRONTIER DISTRIBUTION, LLC d/b/a FRONTIER CO-OP AND AMAZON.COM, INC.,

Defendants.
----------------------------------------------------------------------------X

**Case No.** 1:26-cv-01047-RA

**DEFENDANT FRONTIER DISTRIBUTION LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(2), FRCP 12(b)(3), AND FRCP 12(b)(6)**

# MEMORANDUM OF LAW

SEGAL MCCAMBRIDGE SINGER & MAHONEY
By: ______________________
Phillip J. Miller, Esq.
Attorneys for Defendant
FRONTIER DISTRIBUTION, LLC D/B/A FRONTIER CO-OP
777 Third Avenue, Suite 2400
New York, NY 10017
T: (212) 651-7461
E: pmiller@smsm.com

# TABLE OF CONTENTS


Table of Authorities……………………………………………………………………Pg. 3

Introduction……..……………………..……………………………………….………Pg. 4

Preliminary Statement……………………………………………………………..…Pg. 4

Statement of Facts……………………………………………………..…………………Pg. 6

Argument………………………………………………………..……………..………Pg. 7

Point I: Lack of Personal Jurisdiction as to Frontier……………………………..…….Pg. 7

Point II: Improper Venue as to Frontier……………………………………...……Pg. 10

Point III: Inadequate Notice as to Frontier……………………..………………..Pg. 11

Point IV: Failure to State a Claim as to Vicarious Copyright Infringement
as to Frontier…..…………………………………………….…………Pg. 13

Point V: Failure to State a Claim as to Removal of CMI as to Frontier
Regarding 17 U.S.C. 1202(b)(3)……………………………..….….……Pg. 14

Point VI: Failure to State a Claim as to Removal of CMI as to Frontier
Regarding 17 U.S.C. 1202(b)(1)……………………………….………..Pg. 16

Point VII: Failure to State a Claim as to Addition of False CMI
As to Frontier regarding 17 U.S.C. 1202(a)…………..………..………Pg. 16

Conclusion..……………………………………..………………..……..………Pg. 17

Certificate of Compliance………………………………………………………….Pg. 19

# TABLE OF AUTHORITIES

## U.S. CONSTITUTION

U.S. Const. Art. III……………………………………………………………...…..…..16

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…… ……………………………………………….….11
*Atuahene v. City of Hartford*, 10 Fed.Appx. 33 (2d Cir. 2001)……………………………..…11
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………………11
*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007)………………………………..…8
*Boisson v. Banian*, Ltd. 273 F.3d 262 (2d Cir. 2001)………………………………..………9
*Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 129 (2d Cir. 2022)……………………………..7, 8
*Giana v. Shein Distribution Corp*., 2024 WL 4362749 *2 (SDNY 2024)…………………..…..7
*Mango v. Buzzfeed, Inc*., 970 F.3d 167 (2d Cir. 2020)…………………………………....14, 15
*McGucken v. Shutterstock, Inc.*, 166 F.4th 361 (2d Cir. 2026)……………………………....16
*Penguin Group (USA) Inc. v. American Buddha* (Penguin I"), 609 F.3d 30, 34
(2d Cir. 2010)………………………………………………………………….………………7
*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)…………………………………..……...16, 17
*Troma Entertainment Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 218 (2013)……………...7
*White v. Distrokid*, 738 F.Supp.3d 387 (SDNY 2024)……………………..……………..13, 14

## STATUTES

17 U.S.C. 106……………………………………………………………..………………9
17 U.S.C. 507(b)….……………………………………………………………..……………..5
17 U.S.C. 1202……………………………………………………….…..…………..5, 6, 9
17 U.S.C. 1202(a)….……………………………………………………………….……….16
17 U.S.C. 1202(b)(1)……………………………………….…………………….…..4, 16
17 U.S.C. 1202(b)(3)….………………………………...…………………….…..4, 14, 15
17 U.S.C. 1202(c)……….………………………………………...…………………..…16
28 U.S.C. 1391(b)….……………………………………………………...………………..…10
28 U.S.C. 1391(c)….………………………………………………………..…………...10
28 U.S.C. 1400(a)….………………………………………………………...……..…10
N.Y. C.P.L.R. 302(a)…………………………………………………………………..………7
N.Y. C.P.L.R. 302(a)(1)….…………………………………………………….....…7, 9, 10

## RULES

Fed. R. Civ. P. 8……………………………………………………………..……..…11
Fed. R. Civ. P. 12(b)(2) …………………………….…………………………… 4, 7
Fed. R. Civ. P. 12(b)(3)……………………………………………………..……..…4, 10
Fed. R. Civ. P. 12(b)(6)……………………………………………….…...…4, 11, 13, 14, 16

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ---------------------------------------------------------------------------X<br>STYLE CHICKS, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>WITZ INDUSTRIES, LLC d/b/a WITZ GROUP, CROSSTECH ENTERPRISES, LLC, FRONTIER DISTRIBUTION, LLC d/b/a FRONTIER CO-OP AND AMAZON.COM, INC.,<br><br>Defendants.<br>---------------------------------------------------------------------------X | **Case No.** 1:26-cv-01047-RA<br><br>**DEFENDANT FRONTIER DISTRIBUTION LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(2), FRCP 12(b)(3), AND FRCP 12(b)(6)** |

## INTRODUCTION

Defendant FRONTIER DISTRIBUTION, LLC, d/b/a FRONTIER CO-OP ("Frontier"), respectfully submits this memorandum of law in support of its motion to dismiss the Complaint of Plaintiff STYLE CHICKS, LLC ("Plaintiff").

## PRELIMINARY STATEMENT

This action alleges copyright infringement against Frontier for 1) direct copyright infringement, 2) vicarious copyright infringement, 3) removal of copyright management information under 17 U.S.C. 1202(b)(3), 4) removal of copyright management information under 17 U.S.C. 1202(b)(1), and 5) addition of false copyright management information under 17 U.S.C. 1202(a).

Plaintiff's claims against Frontier should be dismissed because the First Amended Complaint attempts to extend a copyright dispute centered on the alleged conduct of other parties to a downstream distributor without pleading facts sufficient to establish either jurisdiction, venue, or liability as to Frontier.

When Plaintiff initially commenced this action on February 6, 2026, it did not sue Frontier. Instead, Plaintiff sued Mad Hippie, Witz Industries ("Witz"), and Crosstech Enterprises

("Crosstech") and specifically alleged that those defendants were responsible for copying and/or altering Plaintiff's photograph and introducing the allegedly infringing images into commercial distribution.[1] Indeed, the original complaint alleged that Witz managed and revamped Mad Hippie's product listings, that introduction of the accused images coincided with Witz's redesign activities, and that Mad Hippie approved those activities. Plaintiff went further, alleging that those defendants did not merely copy Plaintiff's image but created one or more altered and rebranded derivative versions of it.

More than three months later, Plaintiff amended its pleading to add Frontier as an entirely new defendant. Yet the amended allegations do not plausibly explain how Frontier participated in the alleged copying, alteration, removal of copyright-management information, or creation of the accused image. Rather, Frontier is swept into collective allegations concerning conduct that Plaintiff previously attributed to the original defendants. The resulting claims are particularly deficient as to Frontier under 17 U.S.C. 1202, which requires defendant-specific allegations concerning knowledge and intent.

The claims against Frontier also suffer from threshold defects. Frontier is not at home in New York, and Plaintiff's allegations of general commercial sales in New York do not establish that the claims asserted here arise from Frontier's alleged forum-related conduct. Moreover, because Frontier was not added until May 14, 2026, any claims accruing more than three years earlier are barred by 17 U.S.C. 507(b) unless Plaintiff can establish a basis for relation back. The original complaint provides no indication that Frontier was omitted because of a mistake concerning the identity of the proper defendant; to the contrary, Plaintiff expressly identified

[1] Plaintiff's initial complaint is filed in this action under Docket Document #1. Although that complaint was superseded by the First Amended Complaint and is no longer operative, the Court can still take judicial notice of the fact that those allegations were made therein.

numerous additional commercial sellers allegedly displaying the accused image while electing to sue only Mad Hippie, Witz, and Crosstech.

**STATEMENT OF FACTS**

Plaintiff alleges that it owns the copyright in a photograph depicting a Mad Hippie exfoliating serum product and its packaging (the "Work"). Plaintiff also alleges that the Work was originally published in connection with a product review and contained copyright-management information identifying Plaintiff as its owner.

According to the First Amended Complaint ("FAC"), Mad Hippie subsequently rebranded the product, and by January 2022 an allegedly unauthorized altered version of the Work appeared in commerce. Plaintiff alleges that the accused image thereafter appeared in ecommerce product listings and was distributed through multiple retail and wholesale channels. The FAC describes Frontier as a Delaware limited liability company with its principal place of business in Iowa that provides wholesale distribution and logistics services. Plaintiff also alleges that the accused product image appeared on websites operated by Frontier and that Frontier distributed the product and associated imagery through its wholesale channels.

Plaintiff asserts claims against Frontier for direct and vicarious copyright infringement and violations of the Digital Millenium Copyright Act, 17 U.S.C. 1202. The FAC alleges generally that "Defendants" copied, displayed, distributed, or otherwise used the accused image and removed or altered copyright-management information association with Plaintiff's Work. It bears emphasizing that the allegedly infringing work that was allegedly displayed on Frontier's ecommerce website was merely one of a six-photo set where the other five photos were non-infringing, as described by Plaintiff in paragraph 34 of the FAC, and as depicted in the Frontier screenshots in Exhibit 3 of the FAC. It also bears emphasizing that Plaintiff did allege that it had

sent a cease-and-desist letter or any other notification regarding infringement to Frontier at any time.

## ARGUMENT

### POINT I
### LACK OF PERSONAL JURISDICTION OVER FRONTIER
### FRCP 12(b)(2)

Plaintiff alleges that Frontier is subject to this Court's jurisdiction through New York's long arm statute, CPLR 302(a). (FAC ¶ 16). Plaintiff does not specify the subdivision within CPLR 302(a) that allegedly applies, but it does allege that Frontier markets and sells goods directly to customers in New York and in this judicial district, including the goods marketed by "Defendants'" unauthorized use of the Work at issue in this case. (*Id*.) So, although not explicitly stated, it seems that Plaintiff asserts that jurisdiction is proper under CPLR 302(a)(1).

A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit. *Penguin Group (USA) Inc. v. American Buddha* (Penguin I"), 609 F.3d 30, 34 (2d Cir. 2010). In a case such as this one, the statutory basis is determined by the law of the state in which the court is located. *Troma Entertainment Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 218 (2013). N.Y. CPLR 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary … who in person or through an agent … transacts any business within the state or contracts anywhere to supply goods or services in the state."

To establish personal jurisdiction under CPLR 302(a)(1), two requirements must be met: 1) the defendant must have transacted business within the state; and 2) the claim asserted must arise from that business activity. *Giana v. Shein Distribution Corp.*, 2024 WL 4362749 *2 (SDNY 2024); see also, *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 129 (2d Cir. 2022). Here, for the first requirement, Plaintiff alleges only that Frontier markets and sells goods directly to customers in

New York and in this judicial district, including "the goods marketed by Defendants' unauthorized use of the Work at issue." (FAC ¶ 16). Notably, however, Plaintiff fails to allege or provide any factual allegations to support the notion that Frontier actually has transacted business in New York State. However, even assuming for the sake of argument that Plaintiff has sufficiently pled that allegation, Plaintiff has not sufficiently pled facts to support the second requirement, which is that the infringement claim asserted must *arise from* the specific business activity in New York.

Plaintiff has failed to demonstrate or even allege the required nexus between any business transaction at all and the claim asserted. "Not every conceivable connection to a New York transaction is substantial enough to confer jurisdiction." *Daou v. BLC Bank, S.A.L.*, 42 F.4th at 130. "In effect, the 'arise-from' prong limits the broader 'transaction-of-business' prong to confer jurisdiction only over those claims in some way arguably connected to the transaction." *Id*. Here, Plaintiff has not alleged or stated any facts that would suggest that its alleged infringement claims as to Frontier arise from Frontier's alleged business activity in New York. "A connection that is 'merely coincidental' is insufficient to support jurisdiction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007).

Here, based on the facts that Plaintiff alleges in its First Amended Complaint, the causes of action for infringement arose when the collective "Defendants," assuming for the sake of argument that Frontier is included in that, reproduced, distributed, and displayed the unauthorized reproduction of Plaintiff's Work across multiple retail channels and platforms." (FAC ¶ 30) Then, at some point after January 2022, it is alleged that somehow an unauthorized altered derivative version of the Plaintiff's Work was created ("Infringing Work"), and that the collective "Defendants" commercially displayed the "Infringing Work" among five other non-infringing curated product-image photos. (FAC ¶¶ 33-36). Plaintiff alleges that it did not give Frontier or any

other defendant permission to copy, distribute or display the Work for any purpose and it did not give Frontier or any defendant permission to remove CMI from the Work.

Frontier does not admit any of the Plaintiff's allegations, but even assuming, arguendo, that there were unauthorized copying, distributing, or displaying of the Work or that there were the unauthorized removal of CMI from the Work, the facts that caused or completed those claims would have arisen prior to any specific transactions of business in New York. Copyright infringement is established by proving "ownership of a valid copyright" and "copying of the constituent elements of the work that are original." *Boisson v. Banian*, Ltd. 273 F.3d 262 (2d Cir. 2001). Copyright holders also have exclusive rights to reproduce, make derivative works, distribute, publicly perform, publicly display, and transmit a performance via digital audio. 17 U.S.C. 106. Based on Plaintiff's allegations, each claim alleged would have been completed at the moment that Frontier allegedly copied, uploaded, distributed, or displayed the Work or the Infringing Work. And those actions would have occurred in Iowa, where Frontier is based. Similarly, Plaintiff's claims for removal of copyright management information under 17 U.S.C. 1202, would have been completed or carried out at the time that the CMI was allegedly stripped, deleted, or altered without authorization, which, again, would have been in Iowa where Frontier is based, if it had actually happened.

Not one of the claims that Plaintiff raises arose from, or would have arisen from, any specific business transaction in New York as to Frontier. And Plaintiff has not demonstrated or alleged facts that would satisfy the nexus requirement for personal jurisdiction to attach to Frontier under CPLR 302(a)(1). Frontier is a Delaware entity located in Iowa and Plaintiff is a Connecticut-based LLC. Because Plaintiff has failed to demonstrate that Frontier transacts business in New

York, and that the claims alleged *arose from* New York business transactions, the First Amended Complaint must be dismissed as to Frontier because personal jurisdiction has not been established.[2]

**POINT II**
VENUE IS IMPROPER AS TO FRONTIER
FRCP 12(b)(3)

Venue is improper in this case, contrary to the allegations of Plaintiff. Plaintiff alleges that venue is proper because "the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants Witz and Crosstech reside in this district, and Defendants are subject to personal jurisdiction in this district." (FAC ¶ 17). First, the events giving rise to the claims against Frontier did not occur in this district, and not one allegation in the FAC supports any notion that it did as to Frontier. Second, Frontier did not engage in infringement in this district, as explained in the preceding argument in Point I. If any acts of infringement were to have happened, they would have taken place in Iowa, where Frontier is based. Merely displaying images on a website that is accessible to the entire United States and the world does not create copyright infringement liability in every state where the photos may have been viewed. Plaintiff does not allege that Frontier copied or altered the Work in New York, or that Frontier removed CMI in New York, or that Frontier uploaded the accused image from New York. That Defendants Witz and Crosstech may reside in New York, as alleged by Plaintiff, has no bearing on venue as to Frontier. Finally, as set forth in Point I, above, Plaintiff has not demonstrated that Frontier is subject to the personal jurisdiction of this Court based on the First Amended Complaint. Consequently, because Plaintiff has not made a showing under 28 U.S.C. 1391(b-c) or 28 U.S.C. 1400(a) as to Frontier, venue is improper, and the First Amended Complaint should be dismissed.

---

[2] Even if the first prong of CPLR 302(a)(1) (transacting business) had been satisfied, the second prong (claim arising from that business transaction) was not.

**POINT III**

THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN THAT IT DOES NOT PROVIDE ADEQUATE NOTICE OF ALL THE FACTUAL ALLEGATIONS AS TO FRONTIER FRCP 12(b)(6)

Throughout the First Amended Complaint, Plaintiff impermissibly lumps Frontier together with all the other unrelated defendants. FRCP 8 requires a complaint to provide each defendant fair notice of the conduct allegedly giving rise to its liability. *Atuahene v. City of Hartford*, 10 Fed.Appx. 33 (2d Cir. 2001) (Summary order dismissing complaint because plaintiff collectively used "defendants" or used names but still failed to identify which defendants were responsible for which alleged violations). Courts can reject pleadings that simply "lump all the defendants together" without identifying each defendant's alleged acts. *Id*. Those collective references, along with other vague references to alleged conduct, warrant dismissal of the First Amended Complaint under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In Twombly, the Court held that a complaint must contain enough factual allegations to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Similarly, in *Iqbal*, the Court held that although the pleading standard under Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Here, in Count I of the FAC, "Direct Copyright Infringement," it states that "Defendants publicly displayed the infringing work in commerce…," "Defendants integrated and publicly displayed the Infringing Work…," "Defendants performed the acts alleged in the course and scope

of their business activities," and "Defendants' acts were willful." Additionally, paragraphs 1 through 55, which are incorporated into Count I by reference, also allege "Defendants" for an overwhelming majority of factual allegations, including, for example, that "prior to the filing of this action, Defendants copied the Work." (FAC ¶ 28). Although the FAC separately alleges in Count I that an accused image appeared on Frontier's websites, that allegation cannot supply the missing factual allegations that Frontier itself copied Plaintiff's photograph, or created the alleged derivative, or participated in the upstream conduct attributed to "Defendants."

Counts II and III also suffer from the same lumping of all parties together as "Defendants" and the absence of specific allegations as to Frontier. The title/point heading of Count IV of the FAC alleges that it applies only to Defendants Witz and Crosstech, but then in paragraph 93 it again states "Defendants." The same occurs in Count V, where it states that "Defendants knowingly and with the intent to enable or facilitate copyright infringement, added brand indicators…" (FAC ¶ 101).

In addition to the lumping of all defendants together for much of the First Amended Complaint, it also lacks dates or date ranges when all of this alleged conduct took place as to Frontier. The only two specific dates the Plaintiff cites as to Frontier relate to screenshots allegedly dated September 27, 2023, and October 22, 2023 (FAC ¶ 52), but that doesn't explain whether everything alleged against Frontier occurred on those two dates (e.g., copying, distributing, displaying, removing CMI, etc.), or whether that date or a prior date was when Plaintiff allegedly discovered the allegedly infringing conduct as to Frontier.

Because the FAC lumps all defendants together regarding key aspects of the allegations without specifying which allegations are attributable to Frontier, and it also omits a timeline and

specific dates as to Frontier to ensure the claims are timely, Frontier is left without fair notice of all the claims against them, and thus the First Amended Complaint should be dismissed.

**POINT IV**
THE CLAIM OF VICARIOUS COPYRIGHT INFRINGEMENT IS CONCLUSORY AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO FRONTIER
FRCP 12(b)(6)

A person commits vicarious copyright infringement when the person profits from direct infringement while declining to exercise a right to stop or limit it. Thus, to state a claim for vicarious copyright infringement, a plaintiff must allege that a defendant 1) has declined to exercise the right and ability to supervise or control the infringing activity and 2) enjoys a direct financial benefit from the infringing activity. *White v. Distrokid*, 738 F.Supp.3d 387 (SDNY 2024) (motion to dismiss granted as to vicarious copyright infringement because musician did not sufficiently allege second element of that claim, i.e., a causal relationship between the allegedly infringing activity and a direct financial benefit)

Here, Plaintiff alleges in paragraph 71 of the FAC that Frontier had "the right and operational ability to supervise and control the product imagery…" and that "Defendants possessed a direct financial interest in the infringing displays and distributions" (FAC ¶ 72), and that "Defendants permitted the Infringing Work to remain publicly displayed and commercially distributed" despite possessing the ability to supervise and prevent it (FAC ¶ 74), and that if the actions were performed by third parties, "Defendants are vicariously liable…" (FAC ¶ 75). All of those claims are conclusory and do not sufficiently set forth facts to support or allege the elements of vicarious copyright infringement as to Frontier.

It is submitted that Plaintiff has not set forth sufficient facts to allege or support the first element of vicarious copyright infringement as to Frontier. But even assuming hypothetically for

the sake of argument that Plaintiff did sufficiently do so, it is abundantly clear that Plaintiff did not sufficiently set forth the second element regarding a direct financial benefit as to Frontier. For example, Plaintiff alleges that "Defendants" possessed a direct financial *interest* in the infringing displays, but Plaintiff does not allege an actual financial benefit or anything more than an *interest*. Additionally, the Plaintiff failed to allege a "causal relationship between the infringing activity and any financial benefit" of Frontier. *White*, 738 F.Supp.3d at 400. Because the allegations of vicarious copyright infringement are conclusory and insufficiently pled, that count of the FAC must be dismissed.

## POINT V
## THE CLAIM OF REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO FRONTIER
## FRCP 12(b)(6)

In Count III of the FAC, Plaintiff alleges that "Defendants" distributed, displayed, marketed, and used unauthorized altered derivative versions of Plaintiff's work after Plaintiff's original CMI had been removed or altered without authority. Plaintiff thus moves for relief under 17 U.S.C. 1202(b)(3). "A removal-or-alteration-of-CMI claim under Section 1202(b)(3) of the DMCA requires a plaintiff to show that the defendant distributed copyrighted work knowing that the [CMI] has been removed or altered without authorization, and knowing or having reasonable grounds to know, that such distribution will induce, enable, facilitate, or conceal a [copyright] infringement." *Mango v. Buzzfeed, Inc.*, 970 F.3d 167 (2d Cir. 2020).

First, Plaintiff does not allege that Frontier engaged in this conduct; instead, Plaintiff alleges that the "Defendants" engaged in the removal of CMI. But Plaintiff's allegations are insufficiently pled in that the FAC does not allege that Plaintiff's Work and the Infringing Work are the same, such that the Infringing Work should have had the same CMI attached to it as the

Work. In fact, Plaintiff points out that the Infringing Work shows a product with a label that says AHA Exfoliating Peel, while the Work depicted a product with a label that said Exfoliating Serum. Thus, there is ample possibility that there are two different photos rather than one photo that was altered. Plaintiff provides no support at all for its allegation that the words AHA Exfoliating Peel were superimposed onto the photo that originally said Exfoliating Serum. So, at the outset, Plaintiff has not sufficiently demonstrated that the photo that is the allegedly Infringing Work ever had CMI attached to it to begin with.

Second, there are no facts alleged that support the claim that Frontier "distributed" the Infringing Work at all. Third, even if the Infringing Work did have Plaintiff's CMI attached to it at some point in time, which is not demonstrated by Plaintiff's alleged facts, Plaintiff still did not allege sufficient facts to show that Frontier actually *knew* the Work or the allegedly Infringing Work had its CMI removed (assuming it ever existed to begin with) at the time that Frontier allegedly distributed copies of the Infringing Work. Plaintiff attempts to bypass the "actual knowledge" requirement as to Frontier by stating that the alterations in the photo (visible in the Infringing Work) provided "reasonable grounds to know" that the image was altered without Plaintiff's CMI. (FAC ¶¶ 83-84) But the statute, and the Courts, clearly require *actual* knowledge that CMI has been removed. *See, Mango*, supra, at 171. "Reasonable grounds to know" is the second part of the double-scienter requirement of 17 U.S.C. 1202(b)(3), and it applies only to knowing that it will induce, enable, facilitate, or conceal an infringement. *Mango*, supra, at 172. Plaintiff alleged that second scienter in FAC paragraph 85 as to "Defendants" but not as to Frontier, and Plaintiff did not allege actual knowledge as to the first prong/scienter as to Frontier.

Because Plaintiff has not demonstrated or sufficiently pled that the allegedly Infringing Work is actually the same as the Work, rather than a different photo altogether, and that the

*Infringing Work* actually had Plaintiff's CMI attached to it, and that distribution occurred at all, and that Frontier had actual knowledge that at the time it allegedly distributed the Infringing Work, the Plaintiff's CMI had been removed from it, Count III of the FAC as to Frontier must be dismissed. Additionally, the Plaintiff has not alleged any actual or concrete harm as a result of the alleged removal of CMI, which is a requirement for Article III standing. *See, TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (holding that an injury in law is not an injury in fact).

## **POINT VI**
## COUNT IV OF THE FAC REGARDING REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. 1202(b)(1) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO FRONTIER FRCP 12(b)(6)

Count IV of the Plaintiff's First Amended Complaint appears to apply only to Witz and Crosstech, but the inclusion of the word "Defendants" in paragraph 93 adds some ambiguity. Count IV of the FAC does not state a claim against Frontier, and it does not allege at all that Frontier or any defendants *intentionally* removed or altered the Plaintiff's CMI. To whatever extent Count IV of the FAC applied to Frontier, it should be dismissed as failing to state a claim upon which relief can be granted as to Frontier.

## **POINT VII**
## COUNT V OF THE FAC REGARDING ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. 1202(a) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO FRONTIER FRCP 12(b)(6)

Under 17 U.S.C. 1202(a), it is unlawful to 1) provide copyright management information that is false, or 2) distribute or import for distribution copyright management information that is false. To be liable under 1202(a), a party must engage in one of these two acts knowingly and with the intent to induce, enable, facilitate, or conceal infringement. *McGucken v. Shutterstock, Inc.*, 166 F.4th 361 (2d Cir. 2026) (affirming dismissal of 1202(a) claim).

First, Plaintiff's claim here fails because it does not involve false CMI, or any CMI, at all. CMI is defined in 17 U.S.C. 1202(c) (1-8), which includes things such as the title of a work, the name of the author of a work, the name of the copyright owner of a work, etc. What is not included in the definition of CMI is a product claim, an ingredient, or a product label such as "AHA EXFOLIATING PEEL" or any other variation of the product name that Plaintiff alleged in paragraph 101 of the FAC. Additionally, the product name, if it was added, was added to the section of the product packaging that typically states the name of the product. It was not used as CMI or as any other indication of who the creator or copyright owner was.

Second, it appears that Plaintiff is accusing only Witz and Crosstech of applying false CMI, as stated in paragraphs 99-100. To the extent that Plaintiff intended that this false CMI claim apply to Frontier, it should be dismissed, as the information that was added, "AHA EXFOLIATING PEEL" (if it was added at all), does not constitute CMI. Furthermore, there are no allegations that sufficiently allege that Frontier knowingly added or provided false CMI to the Infringing Work or knowingly distributed or imported for distribution any false CMI.

Third, again, Plaintiff has not alleged any actual or concrete damages, which is a requirement for Article III standing for this type of claim. *See, TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (holding that an injury in law is not an injury in fact).

Because Plaintiff has not sufficiently pled this claim, and the allegedly false CMI was not CMI at all, and the Plaintiff did not demonstrate or allege any concrete injury as a result of the allegedly false CMI, this claim should be dismissed in its entirety as to Frontier.

## CONCLUSION

For all the foregoing reasons, the First Amended Complaint should be dismissed in its entirety with prejudice because it 1) fails to establish personal jurisdiction over Frontier, 2) fails

to establish the proper venue as to Frontier, and 3) fails to state a claim, or plausible cause of action, upon which relief can be granted for each of the claims raised by the Plaintiff as to Frontier.

Dated: New York, New York
August 12, 2026

SEGAL MCCAMBRIDGE SINGER &
MAHONEY

By: Phil Miller
Phillip J. Miller, Esq.
Attorneys for Defendant
FRONTIER DISTRIBUTION, LLC D/B/A
FRONTIER CO-OP
777 Third Avenue, Suite 2400
New York, NY 10017
T: (212) 651-7461
E: pmiller@smsm.com

To:

Joseph Dunne
SRIPLAW, PA
Attorneys for Plaintiff
41 Madison Avenue
Ste 25th Floor
New York, NY 10010
929-200-8446
Joseph.dunne@sriplaw.com

Nadav Zamir
Group Five Legal
Attorneys for Witz Industries LLC
And Crosstech Enterprises LLC
5 Koritz Court – Suite 302-A
Monroe, NY 10950
631-514-5983
Nadav.zamir@groupfivelegal.com

Robert Cruzen
Klarquist Sparkman LLP
Attorneys for Amazon.com, Inc.
121 Sw Salmon St.
Portland, OR 97204
503-595-5300
Rob.cruzen@klarquist.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this memorandum of law complies with the word-count limitation of Local Civil Rule 7.1 because, excluding the parts of the document exempted by the rule (the caption, table of contents, table of authorities, signature blocks, and this certificate), this document contains 4,287 words.

I further certify that this document complies with the typeface requirements of Local Civil Rule 7.1(b) and Local Civil Rule 11.1 because it has been prepared in a proportionally spaced typeface using Times New Roman in 12-point font, with double-spacing (except for block quotes and footnotes) and at least one-inch margins on all sides.

I further certify that this document complies with Section 4(A) of the Individual Rules of the Honorable Ronnie Abrams in that the Memorandum of Law complies with Local Civil Rule 7.1(c), and it also contains a table of contents and a table of authorities because the word count is over 3,500.

Dated: August 12, 2026
New York, New York

Respectfully submitted,

Phil Miller

Phillip J. Miller, Esq.
Segal McCambridge Singer & Mahoney
Attorneys for Defendant
FRONTIER DISTRIBUTION, LLC D/B/A
FRONTIER CO-OP
777 Third Avenue, Suite 2400
New York, NY 10017
T: (212) 651-7461
E: pmiller@smsm.com