SRipLaw

Joseph A. Dunne
Partner

Direct: 929.200.8446
joseph.dunne@sriplaw.com

September 29, 2026

**VIA ECF**
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
Room 203, Courtroom 1506
New York, New York 10007

**RE: Style Chicks, LLC v. Witz Industries LLC , et al., 1:26-cv-01047-RA**
**Letter Motion to Stay Discovery**

Dear Judge Abrams:

Plaintiff Style Chicks, LLC ("Plaintiff" or "Style Chicks"), and Defendants Witz Industries LLC d/b/a Witz Group ("Witz"), Crosstech Enterprises LLC ("Crosstech"), Frontier Distribution LLC d/b/a Frontier Co-Op ("Frontier"), and Amazon.com, Inc. ("Amazon") (collectively, the "Parties"), respectfully submit this joint letter motion seeking an order staying discovery pending resolution of Frontier's pending motion to dismiss, ECF No. 79. In the alternative, the Parties respectfully request a 90-day extension of all currently applicable discovery deadlines.

Discovery is currently set to close in just over one month, on November 5, 2026, ECF No. 63.

Plaintiff filed the operative First Amended Complaint on June 5, 2026. ECF No. 54. The First Amended Complaint added Amazon and Frontier as defendants. Frontier subsequently moved to dismiss the First Amended Complaint. ECF No. 79. Amazon answered the First Amended Complaint on September 9, 2026. ECF No. 85. Frontier's motion is opposed (ECF 83) and is pending.

A stay is warranted because Frontier's pending motion may materially affect the scope of this action, including the claims and parties that will remain in the case. Proceeding with merits discovery before resolution of that motion would risk imposing burdens and costs on the Parties that may prove unnecessary, while also creating the prospect that the Parties and the Court will need to revisit discovery issues after the Court rules. A temporary stay would therefore conserve the Parties' and the Court's resources and promote orderly, coordinated discovery.

The requested relief is particularly appropriate given the recent addition of Amazon and Frontier to the action and the resulting need to integrate those parties into discovery. Requiring the Parties to proceed under the existing discovery schedule could lead to

piecemeal and potentially duplicative discovery, including renewed discussions regarding custodians, document requests, interrogatories, third-party discovery, and any case-specific adjustments to the schedule.

The requested stay is not sought for purposes of delay. Rather, it would permit the Parties to proceed with a single, efficient discovery process after the Court resolves Frontier's motion and the pleadings are settled. No party would be prejudiced by a limited stay, whereas denying a stay may require substantial discovery work that must later be revised or repeated.

In the alternative, should the Court decline to stay discovery pending resolution of Frontier's motion, the Parties respectfully request a 90-day extension of all discovery deadlines. That extension would provide sufficient time for the Parties to account for the newly added defendants, address the issues presented by Frontier's pending motion, and conduct discovery in a coordinated and efficient manner.

Counsel for the Parties conferred regarding this request on September 28 and 29, 2026. All Parties join to this request.

Accordingly, Plaintiff, on behalf of all Parties, respectfully requests that the Court enter an order: (1) staying discovery pending resolution of Frontier's motion to dismiss at ECF No. 79; or, alternatively, (2) extending all discovery deadlines by 90 days.

Sincerely,

**SRIPLAW**

Joseph A. Dunne

Application granted. Given the stay of discovery, the post-fact discovery conference previously scheduled for November 12, 2026 is hereby adjourned sine die.

SO ORDERED.

Hon. Ronnie Abrams
September 30, 2026